NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7109

KENNETH L. WILLIAMS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Kenneth L. Williams, of Kingstree, South Carolina, pro se.

Christopher A. Bowen, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.  Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Ronald M. Holdaway

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7109

KENNETH L. WILLIAMS,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-2007, Judge Ronald M. Holdaway.

_____

DECIDED: January 7, 2010

_____

Before RADER, PROST, and MOORE, Circuit Judges.

PER CURIAM.

Claimant-Appellant Kenneth L. Williams appeals the April 23, 2009 memorandum decision of the United States Court of Appeals for Veterans Claims ("CAVC"), which dismissed his appeal from a decision of the Board of Veterans Appeals ("Board") for lack of jurisdiction. Williams v. Shinseki, No. 07-2007 (Vet. App. Apr. 23, 2009). He asserts that the CAVC improperly dismissed his case. Because Mr. Williams's arguments on appeal appear to deal only with his entitlement to Total Disability based upon Individual Unemployability ("TDIU")—a question not before the Board nor affected by the Board's decision—we affirm.

BACKGROUND

Mr. Williams had at least two different claims going at the same time. In the case before us, on April 13, 2007, the Board denied Mr. Williams's entitlement to: (1) an initial disability rating in excess of 20% for a low back disorder; (2) an initial disability rating in excess of 30% for pseudofolliculitis barbae; and (3) service connection for a left knee disorder. Mr. Williams appealed. He argued that the Board erred because his lower back and right knee issues prevented him from working. The CAVC discerned that Mr. Williams's sole argument on appeal was that he was entitled to TDIU. Because Mr. Williams's TDIU claim was not before the Board in 2007, the CAVC found that it lacked jurisdiction and dismissed Mr. Williams's appeal.

In another case, which the Board decided in January 2005, the Board explained that Mr. Williams raised a TDIU claim. The Board remanded Mr. Williams's TDIU claim to the Veterans Affairs Regional Office ("RO") for a determination. On November 7, 2008, the Department of Veterans Affairs: (1) granted Mr. Williams entitlement to TDIU effective March 2, 2007; (2) increased his low back condition from a 20% disability rating to 40% effective March 2, 2007; (3) increased his chronic cervical strain from 20% disabling to 30% effective September 18, 2008; and (4) granted him eligibility to Dependents' Educational Assistance effective March 2, 2007.

We have jurisdiction under 38 U.S.C. § 7292.

DISCUSSION

Dismissal for lack of jurisdiction is a question of law we review de novo. See Serrao v. Merit Sys. Prot. Bd., 95 F.3d 1569, 1574 (Fed. Cir. 1996).

2009-7109                                    2

On appeal, Mr. Williams argues that the CAVC improperly dismissed his case without making a decision. However, the CAVC did make a decision. The CAVC found that Mr. Williams's arguments on appeal in this case were solely with respect to his TDIU claim, which was being addressed separately. The record shows that Mr. Williams did receive entitlement to TDIU effective March 2, 2007 in the other claim. If Mr. Williams takes issue with this effective date, then that is a matter to be pursued in connection with that case.

Mr. Williams's TDIU claim was not before the Board in 2007 and was not affected by the Board's 2007 decision. No determination with regard to Mr. Williams's TDIU claim had been made by the RO nor appealed to or ruled on by the Board at the time of the 2007 decision. Furthermore, the Board did not issue an adverse decision on Mr. Williams's TDIU claim. Consequently, the CAVC determined that the Board did not consider nor affect Mr. Williams's TDUI claim in its 2007 decision. The CAVC correctly explained that because Mr. Williams did not raise any specific matters in his appeal to that court that were considered by the Board in its 2007 decision, it did not have jurisdiction and dismissed his appeal. The decision of the CAVC is affirmed.

COSTS

Each party shall bear its own costs.